IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LEE ANDREW FOSTER, JR.**                                          **PLAINTIFF**
**ADC #142627**

V.                      NO. 4:24-cv-00189-KGB-ERE

**MARY MENA,** *et al*.                                              **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**      **Overview:**

On March 1, 20024, *pro se* plaintiff Lee Andrew Foster, Jr., an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Foster is proceeding in forma pauperis. *Doc. 3*.

Mr. Foster's complaint alleges that Defendants Mary Mena, Robin Collins, Sierra Brewer, Maurice Culclager, James Shipman, William F. Straughn, and Dexter

Payne have interfered with his access to the inmate grievance procedure. He sues each Defendant in both his or her individual and official capacity seeking only injunctive relief.

## III. Discussion:

### A. Screening Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Foster states a plausible claim for relief, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth

in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B. Interference with ADC Grievance Procedure

Mr. Foster alleges that ADC officers have refused to properly process his grievances. However, the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Mr. Foster's allegations related to Defendants' alleged interference with the grievance process, standing alone, are not actionable under section 1983.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Foster's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 4 March 2024.

_____
UNITED STATES MAGISTRATE JUDGE